UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                              Case No. GG 18-04642-jtg

ETHAN M. ANGUS,                                     Chapter 7

         Debtor.                                    Hon. John T. Gregg

_____/

## OPINION REGARDING MOTION FOR
## RELIEF FROM AUTOMATIC STAY

APPEARANCES:  S. Thomas Padgett, Esq. and Kelly Kumpula, Esq., DEBRINCAT, PADGETT, KOBLISKA & ZICK, Farmington Hills, Michigan for Acar Leasing, Ltd.

         Acar Leasing, Ltd. d/b/a GM Financial (the "Creditor") filed a Motion for Relief from the Automatic Stay [Dkt. No. 11] (the "Motion") in which it requests two forms of relief.  First, the Creditor seeks relief from the automatic stay pursuant to 11 U.S.C. § 362 with respect to a motor vehicle leased by Ethan M. Angus, the debtor in the above-captioned bankruptcy case (the "Debtor").  Second, the Creditor requests that the court compel the Debtor to "surrender possession" of the vehicle to the Creditor.[1]  For the following reasons, the court shall grant the Creditor relief from the automatic stay but deny the Creditor's request for possession of the vehicle.

## JURISDICTION

         The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

         The Debtor entered into an agreement with the Creditor to lease a 2017 GMC Acadia in May 2017.  Encountering financial difficulties, the Debtor filed a voluntary petition for relief under

---

[1]    The court notes that personal property lessors and creditors holding purchase money security interests have been requesting similar relief in motions for relief from the automatic stay and accompanying proposed orders with increasing frequency.  This decision is intended to address any confusion.

chapter 7 on November 1, 2018. The Debtor's schedules identify the lease agreement as an unexpired lease for personal property. According to the Debtor's statement of intention, the lease agreement will not be assumed.

Approximately one month after the petition date, the Creditor filed its Motion. The Motion generically requests that the court grant the Creditor relief from the automatic stay and compel the Debtor to surrender possession of the vehicle to the Creditor. The Creditor's proposed order also states that the "Debtor shall surrender the vehicle to the [Creditor] within 7 days of the date of entry of this Order."

Neither the Debtor nor the chapter 7 trustee filed a response to the Motion. Nonetheless, the court scheduled the Motion for hearing because, among other things, the Creditor did not cite to any authority in support of its request for possession of the vehicle. At the conclusion of the hearing on January 17, 2019, the court took the matter under advisement.

## DISCUSSION

In its Motion, the Creditor seeks relief under "section 362" but does not identify the specific provision of section 362 upon which it relies. Presumably, the Creditor asserts that "cause" exists because the Debtor is in default and has no intention of assuming the lease under section 365(p). *See* 11 U.S.C. § 362(d)(1). The Creditor may also be arguing that the Debtor lacks any equity in the vehicle because the agreement is a true lease and the vehicle is not necessary for an effective reorganization. *See* 11 U.S.C. § 362(d)(2). Under the circumstances and in the absence of any objection to the Motion, the court shall grant the Creditor relief from the automatic stay with respect to the vehicle pursuant to section 362(d)(1) and section 362(d)(2).

At the hearing, the Creditor continued to request that the court compel the Debtor to "surrender possession" of the vehicle to the Creditor. As support, the Creditor directs the court to

*Zick Indus. Inc. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124 (6th Cir. 1991) and section 105(a).

*Zick* is inapposite, as the Sixth Circuit did not address in that case whether a bankruptcy court can compel a debtor to relinquish possession of property in conjunction with relief from the automatic stay. Section 105(a) is similarly unavailing, as it provides no support for the Creditor's request under the circumstances. That section only authorizes the court to issue orders that are necessary to "carry out the provisions" of the Bankruptcy Code.[2]  Nowhere in section 362 is there a requirement for a chapter 7 debtor to deliver possession of property to a lessor after the automatic stay is terminated.[3]

When a creditor is granted relief from the automatic stay, it is generally authorized to pursue its rights under applicable non-bankruptcy law, and nothing more. *See Main St. Bank v. Hull*, 2008 WL 783772, at *3 (E.D. Mich. Mar. 20, 2008) (creditors may not use bankruptcy laws to circumvent debtor's substantive rights under state law but must obtain relief from stay to pursue remedies under state law).  The court shall therefore deny the Creditor's request to compel the Debtor to surrender possession of the vehicle.[4]  Of course, nothing prevents the Creditor from exercising its rights under applicable non-bankruptcy law in a court of competent jurisdiction now that the automatic stay has been terminated.

---

[2]  Even if the court has discretion under section 105(a) to order the Debtor to turnover the vehicle to the Creditor, the court declines to do so. *See also In re Tameling*, 173 B.R. 627, 628 (Bankr. W.D. Mich. 1994) (declining to utilize section 105(a) to order compliance with section 521(a)(2) for "garden variety motions").

[3]  Nor, do sections 362(h), 521(a)(2) or 521(a)(6) provide authority for the relief sought by the Creditor. *See also In re McCray*, 578 B.R. 403, 412-14 (Bankr. E.D. Mich. 2017) (discussing limited rights of creditor with purchase money security interest under those sections); *In re Foster*, 2016 WL 1105594, at *2 (Bankr. W.D. Okla. Mar. 21, 2016) (concluding section 521(a)(6) provides no basis to compel debtor to surrender collateral to creditor with purchase money security interest).

[4]  While the Creditor's request for possession may be benign, the consequences of such relief could be problematic.  For example, the Creditor might seek to hold the Debtor in contempt if he did not timely relinquish possession.  Alternatively, a state court might interpret this court's order as an adjudication of the parties' claims and defenses under applicable non-bankruptcy law.

## **CONCLUSION**

For the foregoing reasons, the court shall grant the Creditor relief from the automatic stay but deny the Creditor's request to order the Debtor to relinquish possession of the vehicle.  The court shall enter an order consistent with this Opinion.

**Signed: January 23, 2019**





John T. Gregg
United States Bankruptcy Judge